[No. 7,333.—In Bank.]

## T. W. GROSS v. D. M. KENFIELD.

SALARY OF OFFICERS—CONSTITUTIONAL LAW.—The constitutional provision against altering the compensation of an officer during his term applies to those officers elected at the first election after the adoption of the Constitution, whose salaries were fixed by previous laws.

APPLICATION for the writ of mandamus.

The petition states that the defendant is controller of the State of California. That on the 9th day of August, 1880, the plaintiff presented to the defendant his claim for $333.33 for his salary for one month as clerk of Supreme Court, and the defendant refused to issue his warrant therefor, and the plaintiff prays that the writ issue to compel the defendant to issue his warrant for said sum.

*Belcher & Belcher*, for Plaintiff.

*A. L. Hart*, Attorney-General, for Defendant.

The COURT:

The petitioner was elected Clerk of the Supreme Court under a clause of § 10, art. xxii, of the Constitution, which

provides that "the first officers chosen after the adoption of this Constitution shall be elected at the time and in the manner now provided by law." And the terms of office of all such officers are fixed by another clause of the same section. The Constitution, so far as it " relates to the election of officers," and " the commencement of their terms of office," went into effect July 4th, 1879. (§ 12, art. xxii.) The law then in force relating to the time and manner of electing officers was continued in force until after the election of the first officers chosen under the new Constitution. And so was the law which fixed the commencement of their terms of office. Before and at the time of the adoption of the Constitution there was a law in force which provided for the election of a clerk of the Supreme Court, prescribed his duties, and fixed his compensation; and that law, not being inconsistent with the Constitution, should be treated, we think, as it would be if the present Constitution had been in force at the date of its passage. (§ 1, art. xxii.)

The same reason exists against increasing or diminishing the compensation of the present incumbent during his term of office as will exist against increasing or diminishing the compensation of his successor during his term of office. And it seems to us that the constitutional prohibition applies as well to the one elected at the first, as it will to those elected at subsequent elections, under the present Constitution. And if so, it follows that § 755 of the Political Code as amended by the Act of April 23rd, 1881, is inoperative as to the compensation to be paid to the clerk of the Supreme Court whose term of office had commenced before the date of said enactment; and that said clerk is entitled to receive the compensation as fixed by the law in force at the date of the commencement of his term of office.

Let the peremptory writ of mandate issue, as prayed for in the petition..